UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X  Case No. 20-cv-10512

MAHAENY DOUGLAS,

                          Plaintiff,                **COMPLAINT**

           -against-

                                                         **PLAINTIFF DEMANDS**

LUTHERAN SOCIAL SERVICES OF METROPOLITAN   **A TRIAL BY JURY**
NEW YORK, INC. d/b/a LUTHERAN SOCIAL SERVICES
OF NEW YORK, INC.

                        Defendants.
------------------------------------------------------------------------X

      Plaintiff, MAHAENY DOUGLAS, by his attorneys, SEKENDIZ LAW FIRM P.C., upon information and belief, complains as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action charging that Defendants violated, the <u>Fair Labor Standards Act of 1938</u>, as amended (29 U.S.C. §201 et seq.), hereinafter "FSLA" or "the Act", to recover unpaid overtime wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs, and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966), and 28 U.S.C. §1367; N.Y. Lab. Law§ 2 and 651; N.Y. Lab. Law§ 190 et seq; NYLL §195(1) and NYLL 195(3)

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

4. Jurisdiction of this action is also conferred upon the court by § 16(b) of the FLSA (29 U.S.C. §216 (b)). The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. Jurisdiction is also conferred upon this Court by 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343. 29 U.S.C. § 216 (b) ("FLSA"), 28 U.S.C. § 1337 (interstate commerce). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367 (a).

6. This action involves questions of federal law. 28 U.S.C. § 1331

7. Venue is proper in this district based upon Defendants' principal place of business within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

8. Plaintiff MAHAENY DOUGLAS ("PLAINTIFF") is a resident of the County of Kings and State of New York.

9. Defendant LUTHERAN SOCIAL SERVICES OF METROPOLITAN NEW YORK, INC. d/b/a LUTHERAN SOCIAL SERVICES OF NEW YORK, INC. ("LUTHERAN") is a domestic not for profit business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 475 Riverside Drive, STE. 1244, New York, New York, 10115-0046

## MATERIAL FACTS

10. In or around July 2016, Plaintiff was hired by defendant as a "Nurse Coordinator" with an annual salary of $55,000.00.

11. In or around late September of 2016, Plaintiff's salary was increased to $56,375.08

12. Plaintiff was expected to work thirty five (35) hours a week.

13. In or around November of 2019 Plaintiff's job title was changed from "Nurse Coordinator" to "Senior Nurse Coordinator" and her salary was increased to $61,000.00 a year.

14. From July of 2016 up until February of 2019, defendants did not compensate Plaintiff for the overtime hours she worked.

15. From February of 2019 until present, defendant changed its policy and compensated Plaintiff for the overtime hours she worked.

16. Plaintiff worked approximately 50 hours a week for the year 2016.

17. Plaintiff worked approximately 45 hours a week for the year 2017

18. Plaintiff worked approximately 50 hours a week for the year 2018.

19. Plaintiff worked approximately 50 hours a week for the year 2019

20. Plaintiff worked approximately 50 hours a week for the year 2020.

21. From early 2018 until present, Plaintiff worked approximately five (5) extra hours per week from home. Defendant never compensated Plaintiff for the hours she worked from home.

22. Plaintiff believes that from July 2016 up until present time, Plaintiff's time sheets do not accurately represent the actual hours she worked. As a result, Plaintiff was not properly compensated for the total overtime hours she worked.

23. Plaintiff's job responsibilities included checking vital signs, doing blood draw, administering

vaccines, monitoring, medical and mental health care of the patients, filing reports and making referrals.

24. Plaintiff did not supervise any employees,

25. Plaintiff did not authority to hire or fire any employees,

26. Plaintiff did not have any authority to discipline any employees,

27. Plaintiff did not have any authority to demote or promote any employees.

28. Plaintiff did not customarily and regularly exercise any discretionary powers.

29. Plaintiff is not an exempt employee under FLSA and New York Labor Laws.

30. As a nurse coordinator, Plaintiff followed strict instructions and a work-review system.

31. Plaintiff is not a Registered Nurse.

32. As a nurse coordinator, Plaintiff was required to follow company and regulatory policy with no use of independent judgment.

33. In or around July of 2020, Plaintiff incurred out of pocket expenses by ordering N90 masks, N95 MASK, hand sanitizers, timecards as required by her supervisor spending a total of $399.64. Despite Plaintiff's numerous request she was not reimbursed for the merchandize she bought.

34. Plaintiff now bring this action to recover damages, including but not limited to, overtime premiums, liquidated damages, interest, attorneys' fees and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), 29 U.S.C. §207 NYCRR Labor Section 138 et seq. Title 12 NYCRR 142-2.2. N.Y. Lab. Law§ 190 et seq. N.Y. Lab. Law§ 663. NYLL §195(1)

35. Defendant "LUTHERAN" willfully violated Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.),

36. As a result of the above Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

37. As Defendant "LUTHERAN's" conduct has been willful, outrageous, done with full knowledge of the law, and malicious, Plaintiff also demands punitive damages against Defendants.

38. Defendant 'LUTHERAN" never paid Plaintiff for any overtime hours worked between July 2016 and February of 2019.

39. Defendant "LUTHERAN" violated the FLSA by not paying Plaintiff for overtime work as required by the Act.

40. Defendant "LUTHERAN" violated the laws of the State of New York by not paying Plaintiff for overtime work as required by the laws of the State of New York.

41. Defendant through its payroll department admitted that Plaintiff is a non-exempt employee.

## AS A FIRST CAUSE OF ACTION
## FOR VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

42. Plaintiff repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

43. Defendant willfully employed Plaintiff in the afore-mentioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for her employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which she was employed.

44. Defendant's failure to pay Plaintiff overtime pay in accordance with the Act, was a direct violation of the Act, specifically 29 U.S.C. §207.

45. As a result of the underpayment of wages alleged in this Complaint, Plaintiff has been damaged in at least an amount equal to such underpayment of wages, and Defendants are therefore indebted to Plaintiff for back wages.

46. Defendant" LUTHERAN" willfully violated the Act.

### AS A SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK WAGE AND HOUR LAW and VIOLATION OF Title 12 NYCRR Section 142-2.2, OVERTIME RATE

47. Plaintiff repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

48. Plaintiff was an employee of Defendant within the meaning of New York Wage Regulations, Specifically NYCRR Labor Section 138 et seq.

49. Defendants failed to pay Plaintiff a premium for hours worked in excess of 40 hours per week.

50. Defendants violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

51. Defendants also failed to pay Plaintiff a premium/additional amount for hours worked more than 10 hours per day.

52. Under New York State law, an employee is entitled to an extra hour's wages for any day when the employee's "spread of hours" exceeds 10 hours (12 NYCRR § 142-2.4).

53. Defendants also violated New York's Labor law including but not limited to Labor Law 12 NYCRR § 142-2; §§ 198, 162, 663 et seq.

54. On account of such violations, Defendant LUTHERAN is liable to Plaintiff for actual, statutory and liquidated damages.

### AS A THIRD CAUSE OF ACTION FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

55. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

56. Defendants willfully failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law§ 190 et seq. and regulations of the New York State Department of Labor.

57. Defendant LUTHERAN failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

58. Defendant LUTHERAN's failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law§ 663.

## AS A FOURTH VIOLATION OF SPREAD OF HOURS UNDER NEW YORK LAW.

59. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

60. Defendant LUTHERAN failed to pay Plaintiff his earned Spread of Hours.

61. New York's spread of hours law provides that hourly, nonexempt employees whose workday begins and ends more than 10 hours apart are owed an extra hour of pay, known as a Spread of Hour rate as follows: § 142-2.4 Additional rate for split shift and spread of hours. An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which:  (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or  (c) both situations occur."

62. Defendant LUTHERAN's failure to pay Plaintiff his spread of hours was willful.

63. Defendant LUTHERAN violated the section § 142-2.4.

## AS A FIFTH CAUSE OF ACTION UNDER NEW YORK LABOR LAW §198-C & §193

64. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

65. Defendant LUTHERAN failed to reimburse Plaintiff

66. New York Labor Law §198-C partially provides as follows:  "The term "benefits or wage

supplements" includes, but is not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay……"

67. Defendant LUTHERAN violated the section §198-C.

## AS A SIXTH CAUSE OF ACTION FOR VIOLATIONS OF MINIMUM WAGE PROVISIONS UNDER THE FAIR LABOR STANDARDS ACT

68. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

69. At all relevant times, Defendant were Plaintiff's employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (d).

70. At all relevant times, Defendant was engaged in commerce or in an industry or activity affecting commerce.

71. Defendant constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r).

72. Defendant intentionally failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206 (a).

73. Defendant's failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255 (a).

74. Plaintiff has been damaged in an amount to be determined at trial.

75. More specifically, starting from early 2018 until present, Plaintiff worked approximately five (5) extra hours per week from home. Defendant never compensated Plaintiff for the hours she worked from home.

## AS A SEVENTH CAUSE OF ACTION CAUSE OF ACTION FOR VIOLATION OF NEW YORK MINIMUM WAGE ACT

76. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

77. At all relevant times, Defendant was Plaintiff's employers within the meaning of the N.Y. Lab. Law§§ 2 and 651.

78. Defendant willfully failed to pay Plaintiff at the applicable minimum hourly rate, in violation of the New York Minimum Wage Act and regulations.

79. Defendant failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

80. Defendant's failure to pay Plaintiff's minimum wage was willful within the meaning of N.Y. Lab. Law§ 663.

81. More specifically, starting from early 2018 until present, Plaintiff worked approximately five (5) extra hours per week from home. Defendant never compensated Plaintiff for the hours she worked from home.

82. Plaintiff has been damaged in an amount to be determined at trial.

## JURY DEMAND

83. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendant "LUTHERAN" "engaged in unlawful employment practices prohibited by the, FLSA, NYCRR, and NYLL failing to pay Plaintiff's due overtime and minimum wages, spread of hours;

B. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

C. Declaring that Defendant LUTHERAN's violations of the provisions of the FLSA were willful as to Plaintiff.

D. Awarding Plaintiff damages for the amount of unpaid overtime wages, unpaid minimum wages spread of hours, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

E. Awarding Plaintiff and the FLSA liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

F. Declaring that Defendant "LUTHERAN" violated the overtime wage provisions and rules and orders promulgated under, the NYLL as to Plaintiff;

G. Declaring that Defendant LUTHERAN have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

H. Declaring that Defendant LUTHERAN violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

I. Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

J. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

K. Awarding Plaintiff pre-judgment and post- judgment interest as applicable;

L. Awarding Plaintiff, the expenses incurred in this action, including costs and attorney's fees;

M. Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

N. All such other and further relief as the Court deems just and proper.

O. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant LUTHERAN's unlawful employment practices.

Dated: New York, New York
December 11, 2020

SEKENDIZ LAW FIRM P.C.,
ATTORNEYS AT LAW

By: ___s/Ismail S. Sekendiz/____
Ismail S. Sekendiz, Esq. (IS-0509)
*Attorneys for Plaintiff*
45 Broadway Suite: 1420
New York, New York 10006
(212) 380-8087
Email: isinan@hotmail.com