UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
MAHAENY DOUGLAS,                                              :
                              Plaintiff,                      :
                                                              :   20 Civ. 10512 (LGS)
            -against-                                         :
                                                              :        ORDER
LUTHERAN SOCIAL SERVICES OF                                   :
METROPOLITAN NEW YORK, INC. d/b/a                             :
LUTHERAN SOCIAL SERVICES OF NEW                               :
YORK, INC.,                                                   :
                              Defendant.                      :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 20, 2021, Plaintiff filed a letter along with a proposed settlement agreement and attorney billing details (Dkt. No. 35) in this action arising under the Fair Labor Standards Act ("FLSA"). The parties are required to explain why their settlement should be approved as "fair and reasonable" under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016), and *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). It is hereby

**ORDERED** that approval of the settlement agreement, is **DENIED** at this time. The parties' proposed settlement contains the following deficiency, which is in "tension with the remedial purposes" of FLSA, *Cheeks*, 796 F.3d at 206, and which must be addressed before the parties' settlement may be approved as fair and reasonable.

The proposed settlement agreement contains an overly broad and vague general release provision. Section 2(a) of the Settlement Agreement states that "Plaintiff knowingly and voluntarily releases and forever discharges Defendant . . . from any and all claims, causes of action . . . known or unknown, suspected or unsuspected, arising out of the allegations set forth [sic] the Action, including any rights or claims, known or unknown, relating in any way to Plaintiff's compensation derived from Plaintiff's employment relationship with the Releasees, or arising under any related statute or

regulation . . . based upon any conduct occurring from the beginning of the world to the date this Agreement is executed."

The proposed settlement agreement does not explain what constitutes a "related statute or regulation."  A settlement release under *Cheeks* must be *expressly* tailored to the plaintiff's wage and hour issues in the immediate action.  *See, e.g.*, *Cheeks*, 796 F.3d at 206 (finding that "overbroad release that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage and hour issues" highlighted the need for judicial review of settlement agreements in light of potential abuse) (citation omitted); *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (waivers should be limited to the claims at issue in the action); *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647, 2016 WL 3637103, at *1 (S.D.N.Y. June 29, 2016) (declining to approve settlement with release that went beyond "wage-and-hour issues" in immediate action).  Accordingly, the settlement agreement is not approved in its current form.

For example, this Court has previously approved a release that states, "Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants . . . for any and all charges, complaints, claims, causes of action . . . which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the wage and hour claims in the Litigation that have occurred as of the Effective Date of this Agreement."  It is further

**ORDERED** that, by **October 15, 2021,** the parties shall file a letter informing the court whether they choose to amend the settlement agreement or proceed with the litigation, and if the former shall file an amended agreement, addressing the deficiency above.

Dated: September 23, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE